UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BANCORPSOUTH BANK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:11CV00373 JCH |
| ) | |
| RWM PROPERTIES II, LLC, and ) | |
| ) | |
| RONALD W. MOORE, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon Plaintiff BancorpSouth Bank's Motion for Summary Judgment on Counts I and II of its Amended Petition ("Motion"; Doc. No. 21).[1] This matter has been fully briefed and is ready for disposition.

## **BACKGROUND**

BancorpSouth Bank ("Bancorp") is the successor in interest to a commercial loan made to RWM Properties II LLC ("RWM") in the amount of Six Million Two Hundred Thousand Dollars ($6,200,000.00) ("Loan"). (Motion, ¶1; SUMF, ¶3). The Loan was evidence by a promissory note dated October 27, 2004 and a series of additional promissory notes, each executed upon the maturity of the one before, from October 28, 2007 to August 27, 2010. (Motion, ¶4; SUMF, ¶¶4, 18-19, 21-28, 39-49). The Loan was secured in part by a personal guaranty, dated October 27, 2004, for Three Million One Hundred Thousand Dollars ($3,100,000.00) provided by Ronald W. Moore, the manager and sole member of RWM. (Motion, ¶¶2-3; SUMF, ¶¶2,5-9). An Affirmation of Limited Continuing

---

[1]The "First Amended Petition" (hereinafter "Complaint" or "Compl.") contains four counts. Count III for Declaratory Judgment and Count IV for Injunctive Relief are not at issue in this Motion.

Unconditional Guaranty in favor of Bancorp was executed by Moore on June 30, 2010, which was the maturity date of the March 14, 2010 promissory note, but before RWM obtained a renewal of the Loan with the August 27, 2010 Promissory Note. (SUMF, ¶¶33-38).[2] The principal amount owed by RWM under the August 27, 2010 promissory note was Five Million Ninety-Eight Thousand Three Hundred Seventy-Five Dollars and Twelve Cents ($5,098,375.12). (Motion, ¶7; SUMF, ¶¶39, 53). The August 27, 2010 promissory note required RWM to repay the outstanding principal and accrued interest to Bancorp by the note's maturity date of November 15, 2010. (Motion, ¶8; SUMF, ¶40). RWM failed to pay the outstanding principal and accrued interest on that principal by November 15, 2010. (Motion, ¶9; SUMF, ¶50). On January 10, 2011, Bancorp sent RWM and Moore written notices of RWM's breach of the August 27, 2010 promissory note. (Motion, ¶10; SUMF, ¶51). Moore failed to pay Bancorp the Three Million One Hundred Thousand Dollars ($3,100,000.00) due under the Guaranty. (Motion, ¶11; SUMF, ¶52).

Plaintiff asserts that RWM owes an outstanding principal of Five Millions Ninety-Eight Thousand Three Hundred Seventy-Five Dollars and Twelve Cents ($5,098,375.12), plus accrued interest in the amount of $74,061.02 up to November 15, 2010, and per diem interest after November 15, 2010 at the rate of $849.73 per day to Bancorp under the August 27, 2010 promissory note. (Motion, ¶12; SUMF, ¶53). Likewise, Plaintiff claims that Moore, pursuant to the Guaranty, is liable to Bancorp for Three Million One Hundred Thousand Dollars ($3,100,000.00) of the amount owed by RWM to Bancorp. (Motion, ¶13).

---

[2]The Court refers collectively to Moore's personal guaranty and the Affirmation of Limited Continuing Unconditional Guaranty as "the Guaranty".

Plaintiff's Motion addresses the first two counts of Plaintiff's Complaint for Breach of the August 27, 2010 Promissory Note by RWM Properties II LLC (Count I) and Breach of Express Guaranty Agreement by Ronald W. Moore (Count II).

## SUMMARY JUDGMENT STANDARD

The Court may grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Citrate, 477 U.S. 317, 322 (1986). The substantive law determines which facts are critical and which are irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Only disputes over facts that might affect the outcome will properly preclude summary judgment. Id. Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id.

A moving party always bears the burden of informing the Court of the basis of its motion. Celotex Corp., 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 248. The nonmoving party may not rest upon mere allegations or denials of his pleading. Anderson, 477 U.S. at 258. "[A] properly supported motion for summary judgment is not defeated by self-serving affidavits." Conolly v. Clark, 457 F.3d 872, 876 (8th Cir. 2006) (citing Davidson & Assocs. v. Jung, 422 F.3d 630, 638 (8th Cir. 2005)).

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in his favor. Celotex

Corp., 477 U.S. at 331, n.2. The Court's function is not to weigh the evidence but to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249.

## DISCUSSION

Plaintiff asserts that it is entitled to summary judgment on the Loan and the Guaranty as a successor in interest and because RWM has breached its obligations under the August 27, 2010 promissory note ("Note") and Moore has failed to satisfy his guaranty obligations. (Memorandum in Support of Plaintiff BancorpSouth Bank's Motion for Summary Judgment ("Memorandum"), ECF No. 22, p. 1).

Defendants admit that they did not repay the Loan under the terms of the Note. (Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment ("Response"), ECF No. 29, *passim*). Defendants, however, claim that they reached an oral agreement with Plaintiff regarding the Note and Guaranty. (Response, p. 4).[3] Defendants claim that "Plaintiff agreed to allow interest to continue accruing on the Note and Guaranty and not to seek payment and satisfaction from Defendant [sic] until the closing of a real-estate [sic] development transaction between Defendant [sic] and the Sansone Group." (Response, p. 4). Thus, Defendants assert that Plaintiff's claims under the Note and Guaranty are barred by equitable and/or promissory estoppel. (Response, p. 5). In support of this assertion, Defendants cite to Mika v. Central Bank of Kansas City, 112 S.W. 3d 82, 90 (Mo. Ct. App. 2003), which held that the trial court erroneously granted summary judgment because the fraud exception applied to the credit agreement statute of frauds, §432.045.[4] In Mika,

---

[3]In its Memorandum in Support of its Motion for Summary Judgment, Plaintiff preemptively argues that Defendants cannot defeat summary judgment based upon the affirmative defense that Bancorp is not a proper party. (Memorandum, pp. 10-11). Defendants, however, do not raise that defense so that defense is deemed waived.

[4]Section 432.045.1 provides: "For the purposes of this section, the term 'credit agreement' means an agreement to lend or forbear repayment of money, to otherwise extend credit, or to make

- 4 -

the court concluded that the recognized exceptions to the statute of frauds could still be asserted since there was no language in that statute which "either expressly or implicitly precludes the application of the established exceptions to the statute of frauds when dealing with an oral credit agreement." Id. at 90. The Mika court compared the statutory language of 432.045 with the language of statutes of other jurisdictions with a credit agreement statute of frauds. Id. at 90-92. The court went on to state that Section 432.045 did not contain expansive language that specifically prohibited actions "related to" an oral credit agreement. Id. at 93. Because Section 432.045 did not contain such expansive language, the court reversed the trial court's grant of summary judgment.

Plaintiff argues that Missouri statute bars the application of the doctrines of promissory and equitable estoppel to credit transactions such as this. (Memorandum, pp. 11-13; Reply Memorandum in Support of Plaintiff BancorpSouth's Motion for Summary Judgment ("Reply"), ECF No. 30, *passim*). Section 432.047.2 provides that "[a] debtor may not maintain an action upon or a defense, regardless of legal theory in which it is based, in any way related to a credit agreement unless the credit agreement is in writing, provides for the payment of interest or other consideration, and sets forth the relevant terms and conditions." A "credit agreement" is defined as "an agreement to lend or forbear repayment of money, otherwise extend credit, or to make any other financial accommodation." Section 432.047.1.

Here, the parties do not dispute that the agreement upon which Defendants base their affirmative defenses is a credit agreement. Under the terms of Section 432.047, to be enforceable, this

---

any other financial accommodation."

Section 432.045.2 states: "A debtor may not maintain an action upon or a defense to a credit agreement unless the credit agreement is in writing, provides for the payment of interest or for other consideration, and sets forth the relevant terms and conditions, except this subsection shall not preempt other specific statutes that authorize additional protection for consumer credit used in personal, family or household purposes and the limitations on credit agreements in subsection 3 of this section."

credit agreement clearly had to be in writing, which it was not. Section 432.047 was enacted to bar the type of affirmative defenses asserted in response to Defendant's Motion for Summary Judgment on Counts I and II. The undisputed facts before the Court establish that Bancorp did not enter into any written agreement with RWM or Moore for the bank to forbear enforcement of the August 27, 2010 Promissory Note or Moore's Guaranty. (SUMF, ¶¶56-57). As a result, Section 432.047 bars Defendants' promissory and equitable estoppel defenses because their defenses clearly relate to a "credit agreement." Thus, Defendants cannot avoid summary judgment by their claim of promissory and equitable estoppel.

Similarly, Mika does not provide persuasive authority for denying summary judgment. Mika was decided a year before §432.047 was adopted. Defendants argue that §432.047 does not displace §432.045 and there is merely "some tension" between §432.047 and §432.045. (Defendants' Sur-Reply Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment ("Sur-Reply"), ECF No. 33, p. 2). Accordingly, Defendants claim that Mika, which relies on §432.045, is still good law. (Sur-Reply, p. 3). This Court, however, has held otherwise. Section 432.047(2) explicitly states that a "debtor may not maintain an action upon or a defense, regardless of legal theory in which it is based, in any way related to a credit agreement." As noted by this district, "[t]his language is a significant departure from the language of Section 432.045, RSMo 2000, and demonstrates the legislature's intent to eliminate all claims and defenses relating to a credit agreement if that credit agreement is not in writing." BancorpSouth Bank v. Paramont Properties, L.L.C., No. ED 95871, 2011 WL 2552776, at *3 (Mo.App. E.D. 2011); see also U.S. Bank National Ass'n v. Canny, No. 4:10CV421, 2011 WL 226965, at *3 (E.D.Mo. Jan. 24,2011)("[t]his broad language abrogating claims 'regardless of legal theory' is sufficiently unambiguous to displace the common law on these facts."). Because the defenses of promissory estoppel and equitable estoppel were based

upon oral promises, they are barred under Section 432.047.  The Court grants Plaintiff's Motion for Summary Judgment on Counts I and II of its Amended Petition.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Bancorpsouth Bank's Motion for Summary Judgment on Counts I and II of its Amended Petition (Doc. No. 21) is **GRANTED**.


Dated this  23rd  day of September, 2011.


/s/Jean C. Hamilton

UNITED STATES DISTRICT JUDGE