UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BANCORPSOUTH BANK, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:11CV373 JCH |
| ) | |
| RWM PROPERTIES II, LLC, and RONALD ) | |
| MOORE, ) | |
| ) | |
| Defendant(s). ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Compel Defendants/Judgment Debtors to Comply with Post-Judgment Discovery Requests, filed on June 19, 2012. ("Motion to Compel," ECF No. 48). This motion is fully briefed and ready for disposition.

By way of background, Plaintiff filed this action on February 25, 2011, seeking damages from Defendant RWM Properties II, LLC ("RWM") for breach of a promissory note and damages from Defendant Ronald Moore ("Moore") for breach of a written personal guaranty regarding RWM's repayment of the loan. (Motion to Compel, ¶¶ 1, 2, 3). On September 23, 2011, the Court granted Plaintiff's motion for summary judgment on its breach of promissory note and breach of personal guaranty claims. (Id., ¶ 7). On November 10, 2011, the Court entered judgment against RWM in the amount of $5,721,664.10, with post-judgment interest at a rate of 7% per annum, and judgment against Moore in the amount of $3,200,000.00. (Id., ¶¶ 9, 10).

On April 24, 2012, Plaintiff served post-judgment interrogatories and requests for production on Defendants "to determine the existence and location of assets or income that may be subject to execution or garnishment to satisfy the judgments." (Id., ¶ 15). After several telephone conversations between counsel for Plaintiff and counsel for Defendants, Defendants were granted two

extensions of time to respond to Plaintiff's post-judgment discovery requests. (Id., ¶¶ 16, 17, 18). After the second deadline (June 11, 2012) passed without any responses or objections to Plaintiff's discovery requests, Plaintiff filed the present Motion to Compel. (Id., ¶¶ 18, 19).

Defendants subsequently filed objections to Plaintiff's discovery requests on July 18, 2012, asserting "[their] rights under the 5th Amendment to the United States Constitution" in response to nearly all of Plaintiff's requests. (See Exhibits to Plaintiff's Reply Brief in Support of Its Motion to Compel Defendants/Judgment Debtors to Comply with Post-Judgment Discovery Requests, ECF No. 53, pp. 9-61). Defendants filed supplemental objections to Plaintiff's discovery requests on August 29, 2012, asserting "[their] right against self-incrimination under the Fifth Amendment of the United States Constitution, Missouri Constitution, and any other applicable law." (See Exhibits to Memorandum to Clerk, ECF Nos. 59-1, 59-2, 59-3, and 59-4). Defendants have offered no explanation as to why their right against self-incrimination under any law is implicated by Plaintiff's discovery requests.

Rule 33 of the Federal Rules of Civil Procedure states that "[t]he responding party must serve its answers and any objections within 30 days after being served with the interrogatories." FED. R. CIV. P. 33(b)(2). Similarly, Rule 34 provides thirty days for responding. See FED. R. CIV. P. 34(b)(2)(A). Generally, in the absence of an extension of time or good cause, the failure to object to interrogatories within the time fixed by Rule 33 constitutes a waiver of any objection. Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981); Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 665 (D. Kan. 2004); see also Davis v. Romney, 53 F.R.D. 247, 248 (E.D. Pa. 1971) (passing of 45-day period without any objection being made to the plaintiffs' interrogatories was a waiver by the defendants of any objections they might have had). The same waiver rule applies under Rule 34. See, e.g., Cooey v. Strickland, 269 F.R.D. 643, 647 (S.D. Ohio 2010). Even an objection that the

information sought is privileged is waived by a failure to make it within the proper time limits. <u>U.S. v. 58.16 Acres of Land, more or less in Clinton County, State of Ill.</u>, 66 F.R.D. 570, 572 (E.D. Ill. 1975).

Here, the Court finds Defendants' failure to timely object to Plaintiff's post-judgment discovery requests resulted in a waiver of any rights Defendants may have against self-incrimination under the Fifth Amendment of the United States Constitution, Missouri Constitution, or any other applicable law.[1] Defendants waited nearly three months to assert their rights against self-incrimination under the Fifth Amendment of the United States Constitution, and Defendants waited over four months to assert their rights against self-incrimination under the Fifth Amendment of the Missouri Constitution "or any other applicable law." Furthermore, Defendants only asserted these rights after Plaintiff filed the present Motion to Compel. Therefore, the Court will grant Plaintiff's Motion to Compel.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Defendants/Judgment Debtors to Comply with Post-Judgment Discovery Requests (ECF No. 48) is **GRANTED**, and Defendants are ordered to provide complete responses to Plaintiff's Interrogatories and Requests for Production of Documents directed to Defendant RWM and Defendant Moore, respectively, by **Thursday, September 20, 2012**.

**IT IS FURTHER ORDERED** that Defendants' objections to Plaintiff's post-judgment discovery requests pursuant to "[their] right against self-incrimination under the Fifth Amendment

---

[1] Since the Court has determined that Defendants have waived these rights, the Court need not evaluate whether Defendant RWM, as a corporation, may assert any right against self-incrimination under the Fifth Amendment of the United States Constitution, Missouri Constitution, or any other applicable law.

of the United States Constitution, Missouri Constitution, and any other applicable law" are overruled.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Amend Its Motion to Compel by Interlineation and Motion for Oral Argument (ECF No. 60) is **DENIED** as moot.

Dated this 10th day of September, 2012.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE